UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 24-cr-327 (JRT/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Devinn Joseph Varin, | |
| Defendant. | |

This matter is before the Court on Defendant Devinn Varin's Motion to Dismiss Count One of the Indictment (Doc. 28). The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

The parties agreed to cancel the hearing and asked the Court to decide this motion based on the parties' written submissions. (Doc. 31.) For the reasons explained below, the Court recommends that Mr. Varin's Motion to Dismiss Count One of the Indictment (Doc. 28) be denied.

## BACKGROUND

On December 10, 2024, Mr. Varin was charged by five-count indictment. (*See generally* Doc. 1.) Count One of the indictment charges Mr. Varin with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (*Id.*) This count alleges that Mr. Varin possessed a firearm on July 18, 2024, knowing he had been previously convicted of at least one felony. (*See id.*). Mr. Varin moves the Court for

dismissal of Count One on the basis that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him under the Second Amendment of the United States Constitution. He also argues that § 922(g)(1) exceeds congressional authority under the Commerce Clause of the United States Constitution, and thus, in his estimation, Count One should be dismissed for that reason as well.

## ANALYSIS

### I.   MR. VARIN'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT SHOULD BE DENIED.

The Court addresses Mr. Varin's Second Amendment challenge first. Mr. Varin cites the United States Supreme Court's decision *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), in which the Court announced that the Second Amendment presumptively protects an individual's bearing of a firearm in public, and the government may not constitutionally regulate such conduct unless the regulation "is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127. Since *Bruen*, the Eighth Circuit has found the law to be constitutional, without need for resort to any "felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *United States v. Jackson,* 110 F.4th 1120, 1125 (8th Cir. 2024), *cert. denied*, No. 24-6517, 2025 WL 1426707 (May 19, 2025); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024), *reh'g denied*, No. 22-1080, 2024 WL 4031748 (8th Cir. Aug. 30, 2024). Mr. Varin concedes that current Eighth Circuit law requires this Court to deny his motion as to his Second Amendment challenge.

As for the Commerce Clause, Mr. Varin argues that even if the allegation that he possessed a firearm was technically true, the original purchase of the firearm by an unknown person at an unknown time "had only a de minims effect on commerce" (Doc. 28 at 8) because "there is no evidence of a commercial act, and all of Mr. Varin's alleged conduct took place within the confines of the state of Minnesota." (Doc. 28 at 8, 10.) Thus, according to Mr. Varin, § 922(g)(1), as applied to him, exceeds Congress's enumerated commerce powers under the Constitution. But as with his Second Amendment challenge, Mr. Varin concedes that Eighth Circuit law also requires this Court to deny his motion as it relates to his challenge under the Constitution's Commerce Clause. *See United States v. Stuckey*, 255 F.3d 528, 530 (8th Cir. 2001) (holding § 922(g)(1)'s jurisdictional element satisfies the Commerce Clause).

## RECOMMENDATION

Eighth Circuit law forecloses Mr. Varin's arguments on both points. Accordingly, based on all the files, records, and proceedings above, **IT IS RECOMMENDED** that Defendant Devinn Varin's Motion to Dismiss Count One of the Indictment (Doc. 28) be **DENIED**.

Date: May 28, 2025

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).